IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARISA DESCHINE,

        Plaintiff,

                                                       Civ. No. 14-18 MV/KBM

v.

THE UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction and Memorandum in Support of the Same [Doc. 32]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Defendant's motion is well-taken and will be granted.

## BACKGROUND

In its motion, the government set forth nine material facts, none of which were disputed by Plaintiff in her response. The undisputed material facts thus are as follows.

Plaintiff filed a notice of claim that was received by the Department of Health and Human Services on May 22, 2013, stating that she was treated at Northern Navajo Medical Center ("NNMC") on or about April 24, 2013, for gall bladder disease and it was "surgically mishandled." Specifically, Plaintiff stated that a bile leak was not diagnosed, and either the hepatic or common bile duct was cut, and possibly other structures. Plaintiff concluded that the surgeon who did the surgery was negligent and failed to identify the injury. Dr. Maureen Kidd

1

performed the laparoscopic cholecystectomy of which Plaintiff complains, and Plaintiff identified Dr. Maureen Kidd as the medical provider at NNMC who committed medical malpractice.

Dr. Kidd worked as a contractor at NNMC during the relevant period, pursuant to a contract between NNMC and Locum Tenans Com. The contract was a "non-personal service contract." Dr. Kidd was not an employee of the Department of Health and Human Services, and Dr. Kidd was not designated as an employee of the federal government for purposes of the Federal Tort Claims Act ("FTCA"). Locum Tenans Com purchased medical malpractice liability insurance covering Dr. Kidd, which was in effect during the relevant period.

On January 7, 2014, Plaintiff filed a Complaint under the Federal Tort Claims Act for Damages Caused by Negligence, naming the United States as Defendant. Doc. 1. On July 29, 2014, Plaintiff filed an Amended Complaint in which she asserts two claims against the government, one for negligence and one for loss of consortium. Doc. 27. The Amended Complaint alleges that this Court has jurisdiction over Plaintiff's claims under the FTCA. *Id.* ¶ 2. The Amended Complaint further alleges that the government, acting through its employees, negligently failed to provide appropriate, reasonable, and safe medical care for Plaintiff. *Id.* ¶ 42.

On August 20, 2014, the government filed the instant motion to dismiss for lack of subject matter jurisdiction. Doc. 32. Plaintiff asks the Court to "deny Defendant's motion or at least hold it in abeyance until it can be ascertained with confidence that Dr. Kidd cannot be deemed to have been an employee of the government." Doc. 40.

## LEGAL STANDARD

I. <u>Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a

jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). Plaintiff bears the burden of establishing this Court's jurisdiction over its claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Before considering the merits of a case, the Court is responsible for ensuring that it has subject matter jurisdiction. *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992).

Under Rule 12(b)(1), a party may assert by motion the defense of the Court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Motions to dismiss for lack of subject matter jurisdiction "take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which the subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). On a facial attack, the Court considers the complaint's allegations to be true. *Id.* On the other hand, when the motion challenges the factual basis for an action, the Court "may not presume the truthfulness of the complaint's factual allegations." *Campos v. Las Cruces Nursing Ctr.*, No. CIV 11-0096, 2011 WL 5238921, *4 (D.N.M. Sept. 30, 2011) (citation omitted). Rather, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* Reference to evidence outside the pleadings does not convert the motion to a summary judgment motion. *Id.*

## DISCUSSION

In the Amended Complaint, Plaintiff alleges that the FTCA authorizes her claims and affords this Court jurisdiction over them. In its motion to dismiss, Defendant argues that because Dr. Kidd is not an employee of the government, the FTCA's limited waiver of sovereign immunity does not apply, and the government is immune from liability for Dr. Kidd's negligence. As a result, Defendant argues, the Court has no subject matter jurisdiction over this action.

The FTCA waives the sovereign immunity of the United States in its district courts for tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1)). "The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be sued for damages arising from torts committed by government employees acting within the scope of their employment." *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006). "Although 'employees' of the government include officers and employees of federal agencies, 'independent contractors' are not 'employees.'" *Id.* Accordingly, "[t]he FTCA does not authorize suits based on the acts of independent contractors or their employees." *Id.*

The Tenth Circuit has "held that the 'critical question' in determining whether an individual is a federal employee or an independent contractor for purposes of the FTCA is 'whether the federal government has the power to control the detailed physical performance of the individual.'" *Id.* (quoting *Duplan v. Harper*, 188 F.3d 1195, 1200 (10th Cir. 1999)). Under this "control test," the Court "must determine whether the government supervises the individual's day-to-day operations." *Id.* (quoting *Duplan*, 188 F.3d at 1200). The Court's determination involves consideration of several factors, including:

> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses his own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has the authority to subcontract to others.

*Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir. 1989).

The Tenth Circuit has explained that, "[w]hen it comes to physicians, . . . the "day-to-day-

4

control test may be more difficult to apply." *Woodruff v. Covington, M.D.*, 389 F.3d 1117, 1127 (10th Cir. 2004). Rather than adopt a "modified control test" for physicians, however, the Tenth Circuit decided instead that the Court must "simply take into account the doctor's medical and ethical obligations of independent judgment when [applying] the traditional control test." *Id.* Specifically, the Court must "determine whether other evidence manifests an intent to make the professional an employee subject to other forms of control which are permissible." *Lilly*, 876 F.2d at 859. "Where there is a contract between the government and the physician, clear language regarding government control or 'federal employee' status can often prevail over facts that might otherwise support a finding of "day-to-day control." *Woodruff*, 389 F.3d at 1127.

Here, the government argues that the evidence, including the contract between NNMC and Locus Tenans Com, does not manifest any intent to make Dr. Kidd subject to control by the government. Specifically, the government notes that the contract pursuant to which Dr. Kidd provided services was identified as a "non personal service contract for the provision of general surgeon for the surgery department at [NNMC]." Doc. 32-4, Ex. C. A "nonpersonal services contract" is defined as "a contract under which the personnel rendering the services are not subject, either by the contract's terms or by the manner of its administration, to the supervision and control usually prevailing in relationships between the Government and its employees." 48 C.F.R. 37.101. Thus, by its very terms, the government argues, the contract indicated that Dr. Kidd was not subject to the "day to day control" of the government.

The government also notes other elements of the contract that demonstrate the government's intent that Dr. Kidd function as an independent contractor, namely: the contract provided that general surgeon services were to "be provided on an 'as needed' basis"; the contractor was responsible for ensuring that its employees were aware of specific laws; the

5

government did not guarantee that the contractor would work the number of hours ordered, and agreed to pay the contractor only the actual hours worked; the contractor, Locum Tenans Com, was to submit invoices to NNMC for payment of services, and Locum Tenans was to receive payment on those invoices; Dr. Kidd was not on the United States payroll; Locum Tenans Com was to be responsible for making the necessary arrangements for travel, housing, and assuring that all applicable taxes are paid; the contractor was not to receive health benefits, paid leave, TSP, educational funds, housing, meals, or transportation; and the government reserved the right to terminate the contract when it was in the government's interest. Doc. 32-4, Ex. C. Further, the government noted that Locum Tenans Com purchased medical malpractice liability insurance covering Dr. Kidd, which was in effect during the relevant time period. Doc. 32-3.

In her response, Plaintiff agrees that if Dr. Kidd is not an employee of the government, the government is not liable for her alleged negligence and her case must be dismissed as against the government. Further, Plaintiff does not dispute any of the material facts presented by the government, or present any evidence of her own manifesting the government's intent to make Dr. Kidd subject to governmental control. Rather, Plaintiff states that even if Dr. Kidd "was not an actual employee of the Indian Health Service, as appears may be the case, she might still be deemed to have been an employee for the purpose of this litigation." Doc. 40 at 2. Plaintiff contends that this "question needs to be answered before plaintiff feels comfortable that there will be no adverse consequences from the dismissal of the government as a party." *Id.*

Plaintiff appears to be referring to a statutory provision that states that certain non-Indian Health Service health care practitioners, who have been extended hospital privileges in health facilities operated and maintained by the Indian Health Service and who provide services to certain specified individuals, "may, as part of the privileging process, be designated as employees of the

6

Federal Government for purposes of [the FTCA]." 25 U.S.C. Section 1680c(e). This provision, however, "does not extend FTCA coverage to non-Service health care providers unless other statutory or regulatory requirements are met." *Tsosie v. United States*, 441 F. Supp. 2d 1100, 1107 (D.N.M. 2004), *aff'd*, 452 F.3d 1161 (10th Cir. 2006); *see also Louis v. United States*, CIV 96-1161 BB/DJS, Mem. Op. & Ord. [Doc. 198] (holding that Section 1680c(e) did not establish that non-Service health care providers treating eligible patients are automatically covered by the FTCA, but rather "by specifically stating that such health care providers 'may' be considered employee[s] for FTCA purposes, Congress exhibited its intent to allow FTCA coverage to occur, provided other statutory or regulatory requirements have been met").

Here, the government has presented evidence that Dr. Kidd was not designated as an employee of the government for purposes of the FTCA. Plaintiff has failed to dispute this evidence, or present any contrary evidence demonstrating that Dr. Kidd was designated as an employee of the government. Further, Plaintiff has presented no evidence that Dr. Kidd met any statutory or regulatory requirements that would allow her to be considered, under Section 1680c(e), an employee for FTCA purposes. Indeed, Plaintiff has failed to present evidence that Dr. Kidd was a health care provider to whom hospital privileges in an Indian Service health facility were extended; it thus is unclear that Section 1680c(e) is even applicable in the first instance. *Tsosie*, 441 F. Supp. 2d at 1107.

In the absence of any such evidence, the Court finds that there is no open question as to whether Dr. Kidd can be deemed to be a federal employee for purposes of this litigation. Rather, under the controlling law and based on the undisputed facts before the Court, that question must be answered in the negative.

## CONCLUSION

The undisputed facts demonstrate that Dr. Kidd was not an employee of the federal government. Because Plaintiff's case attributes liability to the government based solely on Dr. Kidd's alleged negligence, the government is immune from suit in this case. The FTCA thus affords this Court no jurisdiction over Plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction and Memorandum in Support of the Same [Doc. 32] is GRANTED.

DATED this 24th day of March, 2015

_____
MARTHA VAZQUEZ
United States District Judge